STEPHEN P. STUBBS, ESQ.
Nevada Bar No.: 0010449
STEPHEN P. STUBBS, ATTORNEY AT LAW
626 South Third Street
Las Vegas, Nevada 89101
Telephone:   (702) 493-1040
Facsimile:   (702) 293-3289
stephen@stephenpstubbs.com

Jared Richards, Esq.
Nevada Bar No. 11254
CLEAR COUNSEL LAW GROUP
1671 W. Horizon Ridge Pkwy, Ste 200
Henderson, Nevada 89102
Telephone No.: (702) 476-5900
Facsimile No.: (702) 924-0709
jared@clearcounsel.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KELLY PATTERSON, individually<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER RICHARD FONBUENA, BADGE NO. 6834, of the Las Vegas Metropolitan Police Department, and DOE Officers I - XX,<br><br>Defendants. | CASE NO.: 2:18-cv-00518-JCM-GWF<br><br>**FIRST AMENDED COMPLAINT**<br><br>**Jury Demand Included** |

COMES NOW, Plaintiff, Kelly Patterson, by and through his attorneys of record, Stephen P. Stubbs, Esq. of Stephen P. Stubbs, Attorney at Law and Jared R. Richards, Esq. of Clear Counsel Law Group, and hereby complains against Defendant, Officer Richard Fonbuena, Badge No. 6834, of the Las Vegas Metropolitan Police Department, as follows:

### I. INTRODUCTION

1. This is a civil rights action brought by Kelly Patterson against Officer Richard Fonbuena, Badge No. 6834 of the Las Vegas Metropolitan Police Department for violations of Mr.

Patterson's rights guaranteed by the United States Constitution while he lawfully filmed the arrest of another individual by Metro officers.

2. Plaintiff, Kelly Patterson, brings this action to seek relief for Defendants' violation of Mr. Patterson's rights protected by 42 U.S.C. § 1983 and by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Nevada Section 8, 9, 10, and 18 and the common law of the State of Nevada.

## II.   PARTIES

3. At all times herein mentioned, Plaintiff, Kelly Patterson, is and was a resident of Clark County, Nevada.

4. At all times herein mentioned, Defendant Officer Richard Fonbuena, Badge No. 6834 of the Las Vegas Metropolitan Police Department ("Officer Fonbuena") is and was a resident of Clark County, Nevada.

5. Defendant DOE Officers are officers of the Las Vegas Metropolitan Police Department acting under color of law and will be specifically identified once their identities are known to Plaintiff.

## III.   JURISDICTION

6. This Court has jurisdiction over this cause of action because all actions giving rise to it occurred in Clark County, Nevada, all parties are domiciled in Clark County, Nevada and Plaintiff is seeking damages in excess of $15,000.00.

## IV.   VENUE

7. This Court is an appropriate venue in this matter under because the actions giving rise to this action occurred in this Court's judicial district and all evidence and records relevant to the allegations are maintained in this judicial district.

## V.   STATEMENT OF FACTS

8. Plaintiff is a citizen activist and a police accountability journalist who focuses on stories that inform the public about police misconduct. He engages in activities protected by the First Amendment of the United States Constitution and Section 9 of the Constitution of the State

of Nevada to monitor, report, inform the public and thus deter police misconduct. As part of an essential element of our society, he is one of the voices that informs the public of governmental abuses manifested through the police force.

9. On November 4, 2016, Mr. Patterson was walking in Downtown Las Vegas when he observed a group of police officers near an African American woman. When one officer physically reached out towards the African American woman, she recoiled and shouted, "Don't touch me". Immediately, that officer and two other officers surrounded and restrained the African American woman, putting her under arrest.

10. While standing a reasonable and safe distance away, Mr. Patterson used a portable video recording device to record the event. This reasonable and safe distance ensured that Mr. Patterson was in no way interfering with the police activities.

11. Officer Fonbuena noticed that Mr. Patterson was recording the arrest.

12. Mr. Patterson's recording of the arrest was open and obvious.

13. In an attempt to prevent Mr. Patterson from exercising his well-established right to record public police activity, Officer Fonbuena gave Mr. Patterson an illegal command to "move on" and began to approach Mr. Patterson.

14. The party accompanying Mr. Patterson asked Officer Fonbuena why Mr. Patterson was not allowed to record the event.

15. The Officer Fonbuena then intentionally stood in front of the camera to block the recording of the arrest.

16. Officer Fonbuena asked Mr. Patterson, "Do you want to go to jail?", and again gave Mr. Patterson the illegal command to "move on".

17. During this conversation, it was objectively clear and subjectively clear to Officer Fonbuena that Mr. Patterson was in no way impeding or obstructing the arrest or investigation, that Mr. Patterson was a reasonable and safe distance away from the arrest and that Mr. Patterson was documenting the arrest with a camera.

18. During this conversation, various members of the public were in closer proximity to the arrest of the African American woman than was Mr. Patterson. No officer objected to the presence of any of these closer-in-proximity citizens who were not filming.

19. Officer Fonbuena, without legally justifiable cause, arrested Mr. Patterson for "obstruction" when it was objectively clear and subjectively clear to Officer Fonbuena that Mr. Patterson was not obstructing justice and that Mr. Patterson was exercising his constitutional right to be on the sidewalk and record.

20. Officer Fonbuena arrested Mr. Patterson because Mr. Patterson was recording the arrest of the African American woman and refused to stop recording the arrest.

21. During the arrest, Officer Fonbuena physically injured Mr. Patterson.

22. Mr. Patterson is seeking damages in excess of $15,000.00.

## VI. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 and First and Fourteenth Amendments
### Against Officer Fonbuena

23. Plaintiff repeats and realleges by reference all prior paragraphs as if fully set forth herein.

24. The conduct of Officer Fonbuena, described herein, while acting under color of state law, denied Mr. Patterson his rights to freedom of speech, assembly, and association guaranteed under the First and Fourteenth Amendments. Officer Fonbuena is therefore liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities guaranteed by the United States Constitution.

25. Officer Fonbuena violated Plaintiff's First Amendment right to assembly, speech and association by unlawfully denying Plaintiff's right to lawfully assemble in a public forum and curtailing and ultimately terminating his lawful assembly, subjecting him to false arrest and illegal excessive force, submitting false charges to the district attorney to deter Plaintiff from exercising his constitutional rights, and interfering with and violently ceasing his lawful and Constitutionally

protected activity of observing and documenting police conduct in a public forum. Officer Fonbuena interfered with and chilled Plaintiff's exercise of free speech.

26. Officer Fonbuena's actions were done in retaliation for Plaintiff exercising his First Amendment rights and intentionally acted out of a bias against the content of Plaintiff's speech.

27. As a result of Officer Fonbuena's unlawful action, Plaintiff has suffered violation of his First and Fourteenth Amendment rights to free speech, assembly and association.

28. As a direct and proximate result of the Officer Fonbuena's unlawful conduct, Plaintiff has suffered physical, mental and emotional injury, and mental anguish, suffering, humiliation, embarrassment and deprivation of his Constitutional rights.

29. Plaintiff has suffered damages in excess of $15,000.00.

30. Plaintiff has been required to retain the services of attorneys to prosecute this action and is entitled to reasonable attorney fees and costs.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
### Against Officer Fonbuena

31. Plaintiff repeats and realleges by reference all prior paragraphs as if fully set forth herein.

32. The conduct of Officer Fonbuena, described herein, while acting under color of state law, violated Mr. Patterson's right to be free from unreasonable search and seizure and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments. Officer Fonbuena is therefore liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities guaranteed by the United States Constitution.

33. As a direct and proximate result of Officer Fonbuena's unlawful conduct, Plaintiff has suffered physical, mental and emotional injury and mental anguish, suffering, humiliation, embarrassment and a deprivation of Constitutional rights.

34. Plaintiff has suffered damages in excess of $15,000.00.

35. Plaintiff has been required to retain the services of attorneys to prosecute this action and is entitled to reasonable attorney fees and costs.

### THIRD CLAIM FOR RELIEF

**42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
Against Officer Fonbuena**

36. Plaintiff repeats and realleges by reference all prior paragraphs as if fully set forth herein.

37. The conduct of Officer Fonbuena, as described herein, while acting under color of state law, violated Mr. Patterson's right to be free from excessive force pursuant to the Fourth and Fourteenth Amendments. Officer Fonbuena is therefore liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities secured by the United States Constitution.

38. As a direct and proximate result of Officer Fonbuena's unlawful conduct, Plaintiff has suffered physical, mental and emotional injury and mental anguish, suffering, humiliation, embarrassment and a deprivation of Constitutional rights.

39. Plaintiff has suffered damages in excess of $15,000.00.

40. Plaintiff has been required to retain the services of attorneys to prosecute this action and is entitled to reasonable attorney fees and costs.

### FOURTH CLAIM FOR RELIEF

**42 U.S.C. § 1983 and Fifth and Fourteenth Amendments
Against Officer Fonbuena**

41. Plaintiff repeats and realleges by reference all prior paragraphs as if fully set forth herein.

42. The conduct of Officer Fonbuena, as described herein, while acting under color of state law, denied Mr. Patterson of his right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments. Officer Fonbuena is therefore liable

under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities secured by the United States Constitution.

43. As a direct and proximate result of Officer Fonbuena's unlawful conduct, Plaintiff has suffered, physical, mental and emotional injury and mental anguish, suffering, humiliation, embarrassment and deprivation of Constitutional rights.

44. Plaintiff has suffered damages in excess of $15,000.00.

45. Plaintiff has been required to retain the services of attorneys to prosecute this action and is entitled to reasonable attorney fees and costs.

### **PRAYER FOR RELIEF**

Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

a. A declaration that Defendants' conduct violated the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution;

b. Injunctive relief against further Constitutional violations as described herein;

c. Attorney's fees and costs of suit pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920;

d. Pecuniary relief for damages caused;

e. Any such other and further relief as this Court may deem appropriate and equitable, including declaratory relief as may be required in the interests of justice.

///
///
///
///
///
///
///
///
///

## VII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 13 day of June 2018.

                                            STEPHEN P. STUBBS, ATTORNEY AT LAW

                                            */s/ Stephen P. Stubbs*

                                            STEPHEN P. STUBBS, ESQ.
                                            Nevada Bar No.: 0010449
                                            626 South Third Street
                                            Las Vegas, Nevada 89101
                                            *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing FIRST AMENDED COMPLAINT via the CM/ECF system to the following:

Lyssa S. Anderson
Ryan W. Daniels
Kaempfer Crowell
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com

DATED this 13 day of June 2018.

_____
An Employee of Clear Counsel Law Group

- 9 -